[No. 652.   September 1, 1896.]

ALEJANDRO SANDOVAL, Collector of County of Bernalillo, Plaintiff in Error, v. RICHARD B. MEYERS, Treasurer of County of Bernalillo, Defendant in Error.

Licenses, Dramshop—Compensation of Collector—Construction of Statutes.—Held: That the act of 1895, chapter 34, providing that the collector shall collect all taxes and licenses "remaining unpaid," and that might thereafter be "levied and assessed," and shall receive as compensation for his services four per cent of the amount collected, applies only to licenses which continue to be issued under the sections of Compiled Laws, 1884, yet operative on the nine remaining occupations, and not to liquor licenses, which can not "remain unpaid," under the act of 1891, unless issued in violation of law.

Error, from a judgment for plaintiff, to the Second Judicial District Court, Bernalillo County.   Affirmed.

The facts are stated in the opinion of the court.

Neill B. Field for plaintiff in error.

A strained interpretation, by interpolating into the language used by the legislature an exception not therein expressed, and not necessarily implied from the language used, should not be favored in construing a statute of this character.   Sedg. Stat. Const., 251, 265; Priestman v. U. S., 4 Dallas, 30.

While it is true that in construing a doubtful statute, and for the purpose of ascertaining the legislative intent, all acts on the same subject-matter are to be taken together, the doctrine does not go to the extent of controlling the language of a statute upon the ground of supposed policy or previous enactment.   Goodrich v. Russell, 42 N. Y. 177.

Nor can other statutes in pari materia be resorted to when the language of the one under construction is plain and explicit.   Ingalls v. Cole, 47 Me. 530.   See, also, Cortesy v. Territory, 6 N. M. 682.

G. W. JOHNSTON for defendant in error.

"By necessary implication this does away with the use of the collector. He has nothing to do with the collection of licenses, and is, therefore, not entitled to his ten per cent by reason of the section cited. Board of Education v. Robinson, 7 N. M. 231.

Where there is an apparent conflict of laws the rule of construction is that both will stand, if, by any possible means, they can be made to harmonize. If the law of 1895 repeals that of 1891, it is only by implication. Suth. Stat. Const., sec. 138. See, also, as to repeals by implication, Wood v. U. S., 16 Pet. 362.

"Whenever one person obtains possession of money which, ex aequo et bono, belongs to another, the latter may maintain an action to recover it." Peterson v. Foss, 6 Pac. Rep. (Ore.) 397; Gaines v. Miller, 111 U. S. 395. See, also, State v. St. Johnsburg, 10 Atl. Rep. (Vt.) 533; Walker v. Conant, 31 N. W. Rep. (Mich.) 786; Bland v. Williams, 13 Id. (Minn.) 42; Bank v. Bank, 19 Fed. Rep. 301; 4 Wait's Acts and Def. 507; O'Conley v. Natches, 40 Am. Dec. 87.

BANTZ, J.—This is an action to recover from the collector of Bernalillo county certain moneys collected upon dramshop licenses. He claims that he rightfully retained the money as commissions of four per cent, and was authorized so to do under the act of 1895. Under section 2901 of the Compiled Laws of 1884 are enumerated some ten different occupations upon which license taxes are imposed, and in this number is included that of retail liquor dealer. Section 2903 provides that the assessor shall prepare a list of persons liable to pay the license taxes, and return the same to the county clerk, who is to indorse thereon an order, in the name of the county commissioners, for their collection by the collector. Section 2904 provides for the collection of

LICENSES, dramshop: compensation of collector: construction to statutes.

these licenses by the collector.    Section 2906 provides
a penalty of fifty per cent if the license be not paid to
him within twenty days, and he was empowered (sec-
tion 2907) to distrain for nonpayment of the same.
The assessor (2909) was allowed five per cent "on the
amount of taxes and licenses assessed and approved by
the county commissioners," as soon as the tax list was
delivered to the collector.    The collector (2910) was
allowed "ten per centum upon all license taxes collected
by him."    In the place of the machinery thus pro-
vided, the legislature in 1891 amended the law in
respect to retail liquor dealers,—one of the occupations
enumerated in section 2901,—and provided a very
simple and inexpensive method.    It required, in sub-
stance, the applicant for license to apply for it to the
county commissioners if the business was to be con-
ducted outside of a city or town, or to the mayor or
town council if the business was to be conducted inside
of a city or town.    The license was not to be granted
before such application, and was not to be issued until
the license tax was paid into the hands of the county
treasurer by the applicant for the license.    It was also
made a misdemeanor to sell liquor without such license.
Acts 1891, chap. 9.    It will thus be seen that, as to this
single occupation, it ceased to be the duty of the asses-
sor to include those engaged in it in the list of occupa-
tions to be prepared by him; it ceased to be the duty
of the clerk to include them in the order to the collec-
tor; and it ceased to be within the duty or power of
the collector to receive such licenses, or to collect them
by distress or otherwise.    Under the system provided
by the act of 1891 in reference to dramshop keepers,
there was no longer such a thing as the levy and assess-
ment of such license, and there could be no such thing
as licenses "remaining unpaid."    Strictly speaking,
such a license tax as that provided for under the act of
1891 is not levied or assessed.    Cooley, Taxation, p.

258, chap. 12. It is a permission granted under the police power. Cooley, Taxation, p. 396. The similarity in methods of regulations of licenses under the laws of 1884 to the levy and assessment of taxes doubtless suggested the employment of terms similar to the terms in reference to taxes. But, whatever may be the names employed, the essential thing is that, as to all occupations except the one embraced in the act of 1891, the assessor, county clerk and collector continued to possess the power, and were charged with the duties, prescribed in the sections of the Compiled Laws of 1884, to which we have alluded, and these duties were similar to those performed in reference to ordinary taxes; but, as to the one occupation of retail dramshop keepers, the powers and duties of these officers entirely ceased after the passage of the act of 1891. In 1895 another act was passed, which provides that the collectors shall "collect all taxes and licenses now remaining unpaid, and also that may hereafter be levied and assessed and shall receive as compensation for their services four per centum of the amount collected." Acts 1895, chap. 34. The general terms of the power of the collector under the act of 1895 were, we think, qualified and limited by the words "remaining unpaid," and "levied and assessed." The only licenses which could have remained unpaid, unless issued in violation of the law, and the only ones which could in any sense be said to be levied and assessed, were those which continued to be issued under the sections of the Compiled Laws of 1884 yet remaining operative,—that is to say, the nine remaining occupations; and as to all of these licenses the collector's compensation was reduced from ten to four per cent. To hold that the act of 1895 applies, not only to these, but also to the retail liquor licenses specially covered by the act of 1891, would be to hold that the act of 1895 repealed the act of 1891 by implication. In ascertaining a repeal by implication, it is

always essential to take into consideration other statutes in pari materia, and all will be allowed to stand which are not in conflict. "If, by fair and reasonable interpretation, acts which are seemingly incompatible or contradictory may be enforced, and made to operate in harmony and without absurdity, both will be upheld, and the later one will not be regarded as repealing the others by construction or intendment. As laws are presumed to be passed with deliberation, and with full knowledge of all existing ones on the same subject, it is but reasonable to conclude that the legislature, in passing a statute, did not intend to interfere with or abrogate any former law, relating to the same matter, unless the repugnancy between the two is irreconcilable." Suth. Stat. Const., sec. 152. Of course, if the legislative intent is clear, there is nothing left for construction, but the use of general words in a statute is not alone to be regarded. If a general statute can be harmonized with one applicable to a particular class or subject, it would be the duty of the court to do so, rather than conclude a repeal by implication. The methods required under the act of 1891, of an application to the clerk by the retail dealer, and the payment by him to the treasurer of the license tax precedently to the issuance of the license, remain untouched by any line or word of the act of 1895, nor is any new or different method provided instead. Nor are the methods provided in the laws of 1884 revived. If these methods provided by the act of 1891 remain unrepealed, and they must be so regarded, then no license can be issued until applied for by the dealer, and not even then until the money is deposited with the treasurer. Repeals so comprehensive can not arise upon such doubtful and vague language by implication. The judgment will be affirmed.

HAMILTON and LAUGHLIN, JJ., concur.